KILTY, Chancellor, (December term 1815.) The complainants appear to rely on the circumstance of less than twelve years having elapsed between the last *fieri facias* and the *scire facias* to revive the judgment. But I am of opinion, that the ground taken in the answer is correct in point of law, and that the judgment against the executrix cannot affect the heir or devisee. The admission of the execution of the bond does not prevent the relying on the length of time, or pleading the act of limitations; for at law the gist of the action would arise not from the execution of the bond, but from the breaches assigned in the replication. *Decreed,* that the bill be dismissed, but without costs. From which decree the complainants appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, JOHNSON, MARTIN, and DORSEY, J.

*Brewer,* Jr. for the Appellants, contended, 1. That although *Tilly's* claim originated in *Talbot's* bond, yet his cause of action did not accrue until judgment was obtained against the executrix of *Talbot,* by the state, for the use of *Harwood,* and therefore the statute of limitations, if applicable, did not run until that time. 2. That the statute of limitations is not applicable to this case. 3. That if the statute is applicable, its operation is prevented by the judgment against *Talbot's* executrix, and the subsequent proceedings on it. 4. That the statute cannot be taken advantage of by answer confessing the claim.

On the *first* and *second* points he referred to the act of July 1729, *ch.* 25. *Const. Art.* 42; and 4 *Jacob's L. D.* 173.

On the *third* point he referred to the Stat. 4 & 5 *W. & M* 1 *Inst.* 209,a. 2 *Selw. N. P.* 522, 552, 527, 529; and the act of 1785, *ch.* 72, *s.* 5.

On the *fourth* point he referred to *Mitf.* 212, *(note Z.)*

*Stephen,* for the Appellee, cited *Mason's devisees vs. Peter's adm'rs.* 1 *Munf.* 487. *Lansdale vs. Ghequiere,* *(ante* 257;*)* and *Harwood vs. Rawlings's heirs, (ante* 126.*)*

DECREE AFFIRMED.

―――――――

FARROW, *et al.* vs. TEACKLE.

APPEAL from Chancery. The bill of the complainant, (now appellee,) stated that *C. Farrow,* one of the defendants, (and one of the appellants,) on the 10th of October 1805, purchased of *Guest, Atterbury & Co.* of the city of *Baltimore,* goods, &c. to the value of $1537 72, for which he gave them his promissory note payable to them, or order, six months after date, which note was by them, for a valuable consideration, endorsed to the complainant. That

*Voluntary conveyances cancelled, vacated and annulled, being fraudulent and void as to creditors. Where it was unnecessary to make an assignor and a trustee parties to a bill in chancery.*

*1817.*

*Farrow*
*vs.*
*Teackle*

*Farrow*, on the 21st of November 1806, purchased of *L. D. Teackle*, of *Princess Anne*, other goods, &c. to the value of $1000, for which *Farrow* executed his bond to *Teackle*, payable on or before the 1st of January 1808, which bond was afterwards, on the 28th of May 1807, for a valuable consideration, assigned to the complainant agreeably to law. That *Farrow*, instead of applying the proceeds of the said goods, &c. to the extinguishment of the debts which had been created by their purchase, *invested* the same in certain lands then belonging to *J. Fleming*, which lands *Farrow*, on the 25th of June 1807, caused to be conveyed to his children, *Juliana* and *Mary*, infants under the age of five years, which said conveyance was further assured to them by deeds dated the 2d of July 1808, and the 21st of March 1809. That *Farrow*, regardless of his promise and obligation, made no provision whatever for the payment or performance of either, but with intent to defraud the complainant, made application to the court of *Somerset* county for the benefit of the insolvent laws of this state. That the complainant caused suits to be instituted on the promissory note and bond, upon which judgments were obtained against *Farrow*. The bill prayed for a subpœna to *Farrow*, and his two children, *Juliana* and *Mary*, to appear, &c. and then and there answer the premises, and abide by such decree as shall be made, &c. The infants answered by their guardian appointed for that purpose by the court, and which is not necessary to be stated. *Farrow* by his answer admitted the purchase of the goods, and his note and bond therefor. That on the 16th of November 1805, he purchased of *J. Fleming* a tract of land, for which he paid the whole amount of the purchase money in the ensuing year. That the said land was conveyed to his daughters, as stated in the bill; but he denies that the same was done with the intention to defraud, but was done to prevent his wife, from whom he had separated, from claiming dower therein. That *L. D. Teackle* had undertaken, by the agreement exhibited, to pay the debt to *G. A. & Co.* and that he always believed the debt had been paid, until the suit was brought to recover the amount from him. That he did not become insolvent until 1810, and that his insolvency was occasioned by losses which took place long after the said conveyance. That *L. D. Teackle* and *G. A. & Co.* have also become insolvent, and he believes the assignments of the note and bond have been made to the complainant by a fraudulent collusion between the complainant, *L. D. Teackle* and *G. A. & Co.* Testimony was taken under a commission, and the cause argued, &c.

Kilty, Chancellor, (December Term 1815,) *Decreed*, that the several deeds of conveyance from *J. Fleming* to *Juliana M. Farrow*, and *Mary J. Farrow*, the defendants, be cancelled, vacated and annulled, and made of no effect, as fraudulent and void; and that the equitable interest of *C. Farrow*, the defendant, of and in the lands mentioned

in the said deeds be sold, &c. From which decree the defendants appealed to this court.

The cause was argued before CHASE, Ch. J and BUCHANAN, JOHNSON, and DORSEY, J.

MAGRUDER, for the Appellants, contended, 1. That the proper parties had not been made; that the assignors of the bill and bond, and the trustee of *Farrow*, who had become an insolvent debtor, should have been made parties. He referred to *Coale vs. Mildred*, 3 *Harr. & Johns.* 278. 2. That voluntary conveyances are valid against creditors, unless they can prove that sufficient property was not left to pay the debts. He cited *Newl. on Cont.* 384. *Hamilton vs. Greenwood*, 1 *Bay's Rep.* 173. *Mitf. Plead.* 114. 3. The bill does not contain sufficient matter. If relief is claimed on the ground of fraud, fraud must be alleged. Here it is not alleged. He referred to *James vs. M'Kernon*, 6 *Johns. Rep.* 543.

*J. Bayly*, for the Appellee. This proceeding is under the act of 1794, *ch.* 60, *s.* 10, by creditors. All the necessary parties are before the court. The facts set forth in the bill, if true, establish a fraud, for fraud is an inference of law from facts and circumstances. The consideration in the deeds are not meritorious. It must be natural love and affection. *Farrow's* object was to defraud his wife of her dower. Before his divorce he married again, and had the children to whom he had the land conveyed. It was a conveyance to an adulterous illegitimate offspring. He referred to *Greenhow vs. Coults*, 4 *Hen. & Munf.* 485. *Hamilton vs. Russell*, 1 *Cranch.* 309. The trustee need not be a party. The property was not in him, but in the children, and the conveyance to them, as between them and the father, was valid, and therefore, if on a sale there should remain a surplus, such surplus is not to be paid to the father or his trustee, but to the children. If the property is sold under a decree of the chancellor, then the trustee appointed by him supersedes the other trustee—He is to sell, and the chancellor to distribute—*Cui bono* then make the trustee a party? What is to pass, over which he has any control, and what is he to receive?

DECREE AFFIRMED.